IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UPMC McKEESPORT, a Pennsylvania corporation, and UPMC PRESBY SHADYSIDE, a Pennsylvania corporation,<br><br>      Plaintiffs,<br><br>    vs.<br><br>WESTERN & SOUTHERN LIFE ASSURANCE COMPANY, an Ohio corporation, WESTERN & SOUTHERN LIFE INSURANCE COMPANY, an Ohio corporation, and WESTERN & SOUTHERN FINANCIAL GROUP, INC., an Ohio corporation,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 06-220<br>) Electronically filed<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM OPINION

I

In this civil action, plaintiffs, UPMC McKeesport (individually, "UPMC McKeesport") and UPMC Presby Shadyside (individually, "UPMC Presby Shadyside"), seek damages from defendants, Western & Southern Life Assurance Company, Western & Southern Life Insurance Company and Western & Southern Financial Group, Inc., for breach of contract.  Before the Court are the following motions: (a) defendants' motion to dismiss plaintiffs' complaint pursuant to Fed.R.Civ.P. 12(b); (b) plaintiffs' motion to remand this case to state court; and (c) plaintiffs' motion for sanctions pursuant to Fed.R.Civ.P. 11. For the reasons set forth below, plaintiffs' motion to remand

will be granted, defendants' motion to dismiss will be denied without prejudice as moot, and plaintiffs' motion for Rule 11 sanctions will be denied.

II

The history of the dispute between the parties to this case may be summarized as follows:

On May 18, 2005, plaintiffs filed a civil action against defendants in this Court which was docketed at Civil Action No. 05-686. In that case, plaintiffs asserted claims against defendants for breach of contract and bad faith under 42 Pa.C.S.A. § 8371, arising out of "a dispute over an employee benefits plan created pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1)." (Complaint, ¶ 1). Specifically, plaintiffs sought damages from defendants based on defendants' failure to reimburse plaintiffs fully for medical services provided to Regis Farrah, who was insured by defendants under an ERISA plan known as "The Western and Southern Life Insurance Company Flexible Benefits Plan," and who purportedly had assigned his rights under the ERISA plan to plaintiffs.

On June 17, 2005, defendants moved to dismiss plaintiffs' complaint in Civil Action No. 05-686 under Fed.R.Civ.P. 12(b). In a memorandum opinion filed on November 10, 2005, the Court granted defendants' motion to dismiss, concluding that the Court

lacked subject matter jurisdiction over plaintiffs' claims because, despite the assertion of federal question jurisdiction, plaintiffs' complaint was limited to state law claims. The Court also concluded that defendants were entitled to the dismissal of plaintiffs' complaint in Civil Action No. 05-686 because (a) plaintiffs' state law claims were preempted by ERISA,[1] and (b) plaintiffs lacked standing to seek benefits under the ERISA plan in which Mr. Farrah was a participant based on plaintiffs' failure to allege that defendants expressly approved Mr. Farrah's purported assignment of his rights to plaintiffs as required by the ERISA plan.

On January 18, 2006, plaintiffs filed this civil action against defendants in the Court of Common Pleas of Allegheny County, Pennsylvania at GD 06-1390, asserting claims for breach of contract. Defendants removed the case to this Court on February 17, 2006, and, one week later, defendants moved to dismiss plaintiffs' complaint pursuant to Fed.R.Civ.P. 12(b). Defendants assert that plaintiffs' breach of contract claims, which are identical to the breach of contract claims asserted by

---

[1] In response to defendants' ERISA preemption argument in the motion to dismiss their complaint in Civil Action No. 05-686, plaintiffs maintained that their breach of contract claims against defendants were not subject to ERISA preemption, despite the statement in their complaint that all of the state law claims arose out of "a dispute over an employee benefits plan created pursuant to [ERISA]," and their reliance on the civil enforcement section of ERISA to support this Court's jurisdiction.

plaintiffs against defendants in Civil Action No. 05-686, are barred by the doctrines of res judicata and collateral estoppel based on this Court's memorandum opinion in Civil Action No. 05-686, which granted defendants' motion to dismiss.

On March 10, 2006, plaintiffs moved to remand this case to state court, arguing that, although plaintiffs agree with the Court's conclusion in the memorandum opinion filed in Civil Action No. 05-686 that the Court lacked subject matter jurisdiction in that case based on plaintiffs' failure to plead any claim in the complaint based upon a federal question, the Court erred by stating further, in *dicta*, that (a) all of plaintiffs' state law claims were preempted by ERISA and (b) plaintiffs lacked standing to pursue the claims asserted in the complaint.

On March 10, 2006, plaintiffs also moved for Rule 11 sanctions based on defendants' removal of this action from state court in light of the Court's determination in Civil Action No. 05-686 that it lacked subject matter jurisdiction over plaintiffs' state law claims.

### III

In summary, plaintiffs' complaint in this action, which, as noted above, is limited to breach of contract claims, alleges the following facts:

UPMC McKeesport and UPMC Presby Shadyside are Pennsylvania corporations which operate hospitals in McKeesport, Pennsylvania and Pittsburgh, Pennsylvania, respectively. Defendants, which are all Ohio corporations, are in the business of providing, *inter alia*, health insurance coverage, and they conduct business in the Commonwealth of Pennsylvania.

Plaintiffs and defendants are parties to a Preferred Provider Organization ("PPO") pricing agreement which provides for, *inter alia*, a 20% discount on billed charges if the plaintiffs receive payment from defendants within 30 days from the date of defendants' receipt of plaintiffs' claims. (Complaint, Exh. A) In addition, the PPO pricing agreement contains a provision requiring plaintiffs to adopt internal audit procedures for the auditing of claims. Pursuant to this requirement, plaintiffs adopted an audit policy providing for the full payment of claims by defendants within 30 days of the billing date or the payment of 90% of a claim to schedule an audit and an assessment of a $100.00 audit fee payable at the initiation of the audit process. (Complaint, Exh. B).

At all relevant times, defendants provided health insurance coverage to Regis Farrah under a program known as "Beneflex." On May 15 and May 16, 2004, Mr. Farrah received medical treatment at UPMC McKeesport. On May 20, 2004, UPMC McKeesport submitted a claim for payment to defendants in the amount of $11,480.00 with

respect to the medical treatment provided to Mr. Farrah on May 15 and May 16, 2004. On September 24, 2004, UPMC McKeesport received a partial and untimely payment from defendants in the amount of $4,926.97 for the medical treatment provided to Mr. Farrah on May 15 and May 16, 2004.

From May 16 through June 11, 2004, Mr. Farrah received medical treatment at UPMC Presby Shadyside. On May 22, May 25 and June 14, 2004, UPMC Presby Shadyside submitted claims for payment to defendants in the total amount of $505,581.75 with respect to the medical treatment provided to Mr. Farrah between May 16 and June 11, 2004. On October 20, 2004, defendants issued checks directly to Mr. Farrah in the total amount of $107,874.00 for the medical treatment provided to him by UPMC Presby Shadyside between May 16 and June 11, 2004.

Mr. Farrah received further medical treatment at UPMC McKeesport from December 4 through December 7, 2004. On December 14, 2004, UPMC McKeesport submitted a claim for payment to defendants in the amount of $21,990.00 for the medical treatment provided to Mr. Farrah between December 4 and December 7, 2004. On May 6, 2005, defendants issued checks directly to Mr. Farrah in the total amount of $12,986.19 for the medical treatment provided to him by UPMC McKeesport between December 4 and December 7, 2004.

With respect to the claims for payment submitted to defendants in connection with the medical treatment provided to Mr. Farrah in 2004, an unpaid balance of $413,264.59 remains due and owing to plaintiffs based on (a) inappropriate discounts taken by defendants in breach of the PPO pricing agreement, and (b) defendants' violation of the audit policy adopted by plaintiffs pursuant to the PPO pricing agreement.

IV

In their motion to remand, plaintiffs agree that the Court properly dismissed their complaint in Civil Action No. 05-686 for lack of subject matter jurisdiction, and, in light of that determination, plaintiffs request the remand of this action to state court. After consideration, the Court concludes that plaintiffs' motion to remand should be granted.

In <u>Pascack Valley Hospital, Inc. v. Local 464A UFCW Welfare Reimbursement Plan</u>, 388 F.3d 393 (3d Cir.2004), the plaintiff, a hospital and member of a health care provider network ("the Hospital"), brought an action in state court against the defendant, an employee welfare benefit plan governed by ERISA ("the Plan"), for breach of contract. The Hospital's claims against the Plan arose out of agreements which had been entered into by the parties and MagNet, Inc., an independent consultant that organized a network of hospitals which agreed to accept discounted payment for medical services provided to beneficiaries

of group health plans in return for the plans' promise to encourage beneficiaries to use network hospitals.[2]

The Plan in Pascack Valley Hospital removed the action to federal district court and moved for summary judgment, and the Hospital cross-moved to remand the action to state court. The district court granted the Plan's motion for summary judgment and denied the Hospital's cross-motion to remand, holding that the Hospital's breach of contract claims were completely preempted by ERISA and, therefore, raised a federal question supporting removal under 28 U.S.C. § 1441(a). The Hospital appealed. The United States Court of Appeals for the Third Circuit vacated the district court's decision and remanded the case with instructions for the district court, in turn, to remand the case to state court.

The Third Circuit noted in Pascack Valley Hospital that the case was "removable only if (1) the Hospital could have brought its breach of contract claim under § 502(a) [of ERISA], and (2)

---

[2]The Plan had entered into a "Subscriber Agreement" with MagNet, Inc. in 1995, and the Hospital had entered into a "Network Hospital Agreement" with MagNet, Inc. in 1996. Section 2.1 of the Subscriber Agreement, which governed "Hospital payment," provided that the discounted rate offered by the Hospital would be forfeited unless the claims were paid in a timely manner, i.e., within 30 days after the date of receipt of submitted claims. The Hospital alleged that the Plan failed to pay the Hospital for covered services rendered to two eligible persons according to the terms of the Subscriber Agreement because the Plan paid the Hospital at discounted rates despite the fact that the claims at issue were not paid within 30 days of receipt.

no other legal duty support[ed] the Hospital's claim." 388 F.3d at 400. The Third Circuit then held that (1) the Hospital could not have brought its claims under § 502(a) because the Hospital did not have standing to sue under that statute which allows "a participant or beneficiary" to bring a civil action, *inter alia*, "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," and (2) the Hospital's state law claims were predicated on a legal duty that was independent of ERISA, *i.e.*, the Subscriber Agreement between the Plan and MagNet, Inc. Thus, the action was not removable as arising under ERISA.

Because plaintiffs' claims in this case are indistinguishable from the claims asserted by the Hospital in <u>Pascack Valley Hospital</u>, it is clear that the case was not removable under 28 U.S.C. § 1441(a). Under the circumstances, plaintiffs' motion to remand will be granted and defendants' motion to dismiss will be denied without prejudice as moot.[3] Finally, although not frivolous, the Court declines to grant

---

[3] As noted by plaintiffs, the conclusion that this case was not removable is in accord with recent decisions of Judge David Stewart Cercone and Judge Sean J. McLaughlin of this Court in similar actions filed by UPMC Presby Shadyside against ERISA plans. (Document No. 5, Exhs. A and B).

plaintiffs' motion for Rule 11 sanctions against defendants.

An order follows.

*[signature]*
Arthur J. Schwab
United States District Judge
for
William L. Standish
United States District Judge

Date: April 18, 2006